IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                           Case No. 4:14-cr-00093-01 KGB

RAMIRO CEDILLO-ESPINOZA                                                     DEFENDANT

## ORDER

Before the Court is defendant Ramiro Cedillo-Espinoza's motion objecting to classification as a career offender (Dkt. No. 14), to which the government has responded (Dkt. No. 15). The government has charged Mr. Cedillo-Espinoza with violating 18 U.S.C. § 1791 for possessing a prohibited object in prison. Specifically, the government has charged Mr. Cedillo-Espinoza with possessing "a weapon made from a five-inch piece of metal sharpened to a point at one end" (Dkt. No. 15). Mr. Cedillo-Espinoza argues that, were he to enter a plea of guilty or otherwise be convicted of this charge, the Court should not classify him as a "career offender" for sentencing purposes under USSG § 4B1.1(a).

USSG § 4B1.1(a) states:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The parties agree that the first and third elements set out in USSG § 4B1.1 are not at issue. The parties dispute whether the instant offense of conviction here—possessing a prohibited object in prison—is a "crime of violence."

The term "crime of violence" is defined in USSG § 4B1.2(a):

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

>  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

A violation of 18 U.S.C. § 1791(a)(2) involves neither "the use, attempted use, or threatened use of physical force against the person of another" nor "burglary of a dwelling, arson, [] extortion, [or the] use of explosives." Therefore, the Court must decide if possession of a prohibited object in prison qualifies under the "residual clause" of § 4B1.2(a)(2) for "involv[ing] conduct that presents a serious risk of physical injury to another." USSG § 4B1.2(a)(2).

To qualify as a crime of violence under the residual clause, an offense "must (1) 'present a serious potential risk of physical injury to another,' and (2) be 'roughly similar, in kind as well as degree of risk posed,' to the offenses listed in § 4B1.2(a)(2)." *U.S. v. Watson*, 650 F.3d 1084, 1092 (8th Cir. 2011) (quoting *United States v. Boyce*, 633 F.3d 708, 711 (8th Cir. 2011)). An offense is "roughly similar" to the offenses listed in § 4B1.2(a)(2) "if it typically involves 'purposeful, violent, and aggressive conduct.'" *Boyce*, 633 F.3d at 711.

In *United States v. Boyce*, the Eighth Circuit interpreted the residual clause in 18 U.S.C. § 924(e)(2)(B), which is identical to that in § 4B1.2(a)(2). 633 F.3d at 711. The Eighth Circuit in *Boyce* held that an inmate had committed a "crime of violence" by "possessing a homemade weapon which resembled an ice pick and was over eight inches long" in prison. *Id.* at 709. In reaching this conclusion, the court first determined that "possession of a weapon in a correctional facility does present a serious potential risk of physical injury to another." *Id.*  Next, the *Boyce* court held that "[p]ossession of a dangerous weapon in a correctional facility is purposeful,

2

violent, and aggressive, and is therefore similar, in kind as well as degree of risk posed, to the offenses listed in § 924(e)," which, again, are identical to those offenses listed in § 4B1.2(a)(2). *Id.* at 712.

Mr. Cedillo-Espinoza notes that some circuits have split over whether a conviction for possession of a prohibited object in prison qualifies as a "crime of violence" and asks this Court to follow the Third Circuit's approach. The Third Circuit determined that such a conviction is not a "crime of violence." The Eighth Circuit in reaching its conclusion in *Boyce* explicitly rejected the Third Circuit's approach, stating:

> The circuit courts which have considered whether possession of a weapon in prison qualifies as a violent felony after *Begay* have reached different conclusions. The Third Circuit . . . decided that although possession of a weapon in prison does pose a serious potential risk of physical injury, it is a passive crime centering around mere possession and does not involve purposeful, violent, and aggressive conduct. *Id.* at 519. The Fifth and the Tenth Circuits have reached the opposite conclusion, reasoning that a prisoner's possession of a dangerous weapon is an active, purposeful act associated with a likelihood of future violent confrontation. . . . We continue to believe that the better reasoned approach to the issue is the one taken by the Fifth and Tenth Circuits. Possession of a dangerous weapon in a correctional facility involves purposeful conduct.

*Id.* at 711-12 (citations omitted). From the court's reasoning and language in *Boyce*, this Court concludes that the Eighth Circuit has already determined its position in the circuit split that Mr. Cedillo-Espinoza highlights. *See id.*; *see also U.S. v. Mobley*, 687 F.3d 625, 629-31 (4th Cir. 2012) (noting that "[t]he Third Circuit . . . has been the only court of appeals to adopt [its] position . . . . Three other of our sister circuits, the Fifth, Eighth, and Tenth, have addressed the same issue and reached a different conclusion." (citing *Boyce*, 633 F.3d 708)).

In this case, the government has charged Mr. Cedillo-Espinoza with knowingly possessing a prohibited object, a weapon, in prison under 18 U.S.C. § 1791(a)(2). The Court

3

finds that Mr. Cedillo-Espinoza's possession in prison of a prohibited object "present[s] a serious potential risk of physical injury to another." *Watson*, 650 F.3d at 1092. The Court also finds that this offense is "roughly similar" to the offenses listed in § 4B1.2(a)(2), as it involves "purposeful, violent, and aggressive conduct." *Id.* Therefore, the instant offense of conviction qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2), and if Mr. Cedillo-Espinoza enters a plea of guilty or is otherwise convicted of his charge, the Court will classify him as a "career offender" under § 4B1.1(a). The Court denies Mr. Cedillo-Espinoza's motion.

SO ORDERED this 30th day of October, 2014.

_____
Kristine G. Baker
United States District Judge